UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MATTHEW SINGER              ]
    Plaintiff,              ]
                            ]
v.                          ]    No. 3:13-0102
                            ]    Judge Campbell
DICKSON COUNTY SHERIFF'S    ]
OFFICE, et al.              ]
    Defendants.             ]

**M E M O R A N D U M**

    The plaintiff, proceeding *pro se*, is an inmate at the Dickson County Jail in Charlotte, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Dickson County Sheriff's Office and Southern Health Partners, a provider of medical services at the Jail, seeking damages.

    The plaintiff has a broken tooth which causes him a great deal of discomfort. On several occasions, he has requested dental care but has received nothing more than medication for the pain. The plaintiff claims that the defendants have denied him adequate dental care in violation of his civil rights.

    To establish a claim for § 1983 relief, the plaintiff must plead and prove that a person or persons, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451

1

U.S. 527, 535 (1981).

A county sheriff's office is not a person subject to liability under § 1983. Petty v. County of Franklin, Ohio, 478 F.3d 341, 347 (6th Cir. 2007). Of course, giving this *pro se* pleading a liberal construction, the Court could construe the complaint as an attempt to state a claim against Dickson County, the entity responsible for the operation of the Dickson County Jail. However, for Dickson County to be liable, the plaintiff would have to allege and prove that his constitutional rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the county. Monell v. Department of Social Services, 436 U.S. 658, 689-690 (1978). No such allegation appears in the complaint. Therefore, the plaintiff has failed to state a claim against the Dickson County Sheriff's Office for which relief can be granted.

This action is being brought against the remaining defendant, Southern Health Partners, in its official capacity only. Because the plaintiff in an official capacity action seeks damages not from the individually named defendant but from the entity for which the defendant is an agent, Pusey v. City of Youngstown, 11 F.3d 652,657 (6th Cir.1993), "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159,166 (1985). In essence, then, the plaintiff's official capacity claim against Southern Health Partners is a claim

2

against Dickson County, the municipal entity that operates the Dickson County Jail. <u>Hafer v. Melo</u>, 502 U.S. 21,25 (1991). As noted above, the plaintiff has failed to allege factual allegations suggesting municipal liability. Therefore, the plaintiff has failed to state a claim against Southern Health Partners acting in its official capacity.

Having failed to state an actionable claim for relief, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Todd Campbell
United States District Judge